IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PSARA ENERGY, LTD., § | | |
| Plaintiff, § | H-14-cv-3458 | |
| § | | |
| v. § | ADMIRALTY | |
| § | | |
| SPACE SHIPPPING, LTD.; BARBAROS § | | |
| MARITIME, LTD;   GEDEN HOLDINGS, § | | |
| LTD; and GENEL DENIZCILIK NAKLIYATI § | | |
| A.S., § | | |
| Defendants. § | | |

**ORIGINAL VERIFIED COMPLAINT**

Plaintiff PSARA ENERGY, LTD., by and through undersigned counsel, for its Original Verified Complaint against Defendants: SPACE SHIPPING, LTD.; BARBAROS MARITIME, LTD; GEDEN HOLDINGS, LTD; and GENEL DENIZCILIK A.S. alleges and pleads as follows:

**I. JURISDICTION, VENUE AND PARTIES**

1.      This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contracts *i.e.* an executed bareboat charter party for the employment of a seagoing cargo vessel and a principal obligor's performance guarantee. This case also falls under this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and the Federal Arbitration Act,  9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2.      At all times material hereto Plaintiff, PSARA ENERGY, LTD. (hereinafter "PSARA" or "Plaintiff"), was a corporation organized under the laws of the Republic of the

1

Marshall Islands and the registered owner of the Motor Tanker CV STEALTH (hereinafter the "CV STEALTH" a crude oil tanker vessel registered in Malta.

3. At all times material hereto Defendant, SPACE SHIPPING LTD. (hereinafter "SPACE"), was and is a foreign company organized under the laws of Malta and the bareboat charterer of the CV STEALTH under a bareboat charter party contract dated February 23, 2010 ("the bareboat charter") and addenda thereto dated June 2, 2010; June 21, 2010; and January 29 2010. *See* **EXHIBIT 1**, Declaration of Despoina Bacha (hereinafter "Bacha Decl."), at ¶¶ 9 & 14, and Annex 3 thereto, *a true and correct copy of the bareboat charter and addenda.*

4. At all times material hereto Defendant, BARBAROS MARITIME LTD. (hereinafter "BARBAROS") was, and is a corporate entity organized under the laws of a country other than the United States, and the registered owner of Motor Tanker POWER, a tanker vessel registered in Malta, with IMO No. 9472634 and international call sign 9HA2748.

5. At all times material hereto Defendant, GEDEN HOLDINGS LTD. (hereinafter "GEDEN") is a foreign company organized under the laws of Malta and the guarantor of the performance of SPACE under the bareboat charter (*See* Bacha Decl., at Annex 3) and also a joint and several principal obligor pursuant to its written performance guarantee dated March 4, 2010. *Id.*, at ¶11, and Annex 4 thereto, *a true and correct copy of the performance guarantee.*

6. At all times material hereto Defendant GENEL DENIZCILIK NAKLIYATI A.S. (hereinafter "GDAS") was and is a foreign corporate entity organized under the laws of Turkey and the Manager and ISM Manager of the CV STEALTH and the POWER.

7. The jurisdiction of this Honorable Court is founded on the presence within the District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty

2

and Maritime Claims, as pled more fully in Section V of this Original Verified Complaint.

## II. THE SUBSTANTIVE CLAIMS

8. Under a bareboat charter party dated February 23, 2010 and addenda thereto (*See* Bacha Decl., at Annex 3), Plaintiff chartered its ship CV STEALTH for a period of five years plus or minus 30 days (with a variable daily charter rate as noted in charter party addendum No. 2 Dated February 23, 2010) to "Geden Holdings Limited, Malta or nominee always guaranteed by Geden Holdings Limited, Malta." as noted in Addendum No. 1 to the charter party dated February 23, 2010.  GEDEN is also a joint and several obligor of Plaintiff under a performance guarantee dated March 4, 2010. *Id.,* at Annex 4.

9. Plaintiff delivered the vessel into the bareboat chartered service under the charter and rendered, (and continues to render), the contractual performance required of it. However, Defendants SPACE and GEDEN, (hereinafter collectively referred to as "Charterers"), failed and refused to perform their obligations under the bareboat charter party contract and are in default and indebted to Plaintiff for various sums, which are due and owing, as set out below.

10. Charterers failed and refused to pay bareboat charter hire which is currently due in the amount of $11,822.00 per day, which has been duly invoiced, (*See* Bacha Decl., at ¶17, and Annex 10 thereto), and under the terms of the bareboat charter is payable monthly in advance.

11. Currently, Charterers owe hire for the month of October 2014 in the amount of $366,482.00; November 2014 in the amount of $ 354,660.00; and for the month of December in the amount of $ 366,482.00.  Charterers are, accordingly, in default of their obligation to pay charter hire in the total amount of **$1,087,624.00**. *See* Bacha Decl., at ¶¶ 16-17 and Annex 10 thereto.

3

12. The Charterers continue to employ the M/T CV STEALTH under charter to third parties and continue to realize earnings from her employment but are unjustly failing and refusing to pay Plaintiff the amounts they owe under the bareboat charter.

### III. UNDERLYING PROCEEDINGS ON THE MERITS

13. Box 35 and clause 30 (a) of the bareboat charter party (Bacha Decl. at Annex 3) provide for arbitration of all disputes arising out of the contract in London; and the letter of guarantee (*Id.,* at Annex 4) provides: "This guarantee shall be governed by and construed in accordance with the laws of England and we agree to the non-exclusive jurisdiction of the English High Court."

14. Plaintiff intends to claim the full outstanding amount of $1,087,624.00 in London arbitration which was previously commenced on June 13, 2013 (*See* Bacha Decl. Annex 11), and also intends to commence proceedings in the High Court in London to enforce the guarantee of GEDEN. *Id.* Plaintiff estimates the legal costs that will be incurred to pursue these claims in London maritime arbitration and adjudication proceedings will be approximately USD $200,000. As it is customary in London arbitration and litigation, legal costs, including lawyers' fees are awarded to the prevailing party.

15. This action is an ancillary proceeding, brought in order to obtain jurisdiction over Charterers and to obtain security for Plaintiff's claims in the London proceedings.

### IV. DEFENDANTS' CORPORATE IDENTITY

16. Notwithstanding their formal separate incorporation, the Defendants are in actual fact a single business enterprise pursuing functionally differentiated business objectives through nominally separate business structures but always subject to the command and control of Defendants GEDEN and GDSA which are the parent companies of Defendants SPACE and

BARBAROS, as is more specifically pled hereunder and discussed in **EXHIBIT 1**, the Bacha Decl. filed in support of this Original Verified Complaint.

17. Defendant GEDEN was and is the owner and operator for profit of a fleet of tanker and dry cargo vessels and also the operator for profit of non-owned chartered-in ships. *See* Bacha Decl., at ¶ 5 and Annex 1 thereto at p. 40, a true and correct copy of the GEDEN prospectus. The fleet of vessels owned by GEDEN includes, among others, the Motor Tanker POWER, (*Id*., Annex 1[1] at pp. 77, 85, 86; and Annex 2 at p. 12) which is registered in the name of a single owning corporate entity – BARBAROS (*Id*., Annex 1 at p. 77). BARBAROS is entirely owned by GEDEN. *Id*., Annex 1 at p. 29.

18. In addition (or in the alternative), the M/T POWER and all other vessels of the GEDEN fleet of tankers and dry cargo vessels are controlled by Defendant GDAS, (*Id.*, at ¶ 5, and Annex 1, p. 77; Annex 2, p. 2) which in turn is controlled by Cukurova Group, a leading Turkish conglomerate ultimately and beneficially owned by members of the Karamehmet family. *Id*., Annex 1 at pp. 76-77.

19. GEDEN and GDAS publicly hold out the vessels they own through one-ship-companies, including the M/T POWER as their own assets. *Id*., Annex 1 at p. 29, and Annex 2, generally.

20. Even though each vessel in the fleet of GEDEN/GDAS, which has not been chartered-in or leased-in from a third party, is registered in the name of an individual one-ship-company, referred to by the said defendants as an "SPV" *i.e.* a "special purpose vehicle" (Bacha Decl. at ¶ 7), GEDEN, which owns each SPV entirely, operates jointly with GDAS these vessels as assets of a single business enterprise. The purported corporate independence of the respective

---

[1] The entire prospectus is approximately 230 pages. For this Complaint, Plaintiff has included the introductory pages of the prospectus and relevant excerpts referred to herein and in the Bacha Declaration. Plaintiff will provide the complete prospectus should this Honorable Court request a copy of same.

"SPV" vessel owners is simply fictitious, as they are entirely subjugated to GEDEN's and GDAS's business goals and policies, which are implemented by GEDEN/GDAS management and staff.

21. In this process the GEDEN/GDAS SPV's are mere limbs and organs of a larger corporate organism as evidenced by the common business strategy GEDEN/GDAS have pursued in order to cope with the current shipping market crisis (*see* Bacha Decl. at Annex 2 generally), and their common and shared -unsuccessful- attempt to spin off an initial public offering in which the assets of the "subsidiaries" were identified as assets of the GEDEN/GDAS group. *Id*., at ¶ 7 and Annex 1, p. 40.

22. According to the information publicly disclosed by GEDEN, BARBAROS which owns the M/T POWER is owned by GEDEN. Is., at ¶ 8, and Annex 1 at p. 29.

23. Throughout the portion of the bareboat charter term that was already performed, SPACE, of Malta, remained as spelled out in the charter a "nominee" (*See* Bacha Decl., Annex 3, *a true and correct working copy of the bareboat charter party* at p. 2 (box 4)) fulfilling a merely nominal role with all of Plaintiff's business under the charter actually being transacted with GDAS as the management company of GEDEN carrying out all operating functions on behalf of GEDEN and SPACE.

24. Defendants GEDEN, GDAS, and SPACE have common officers, common directors, and common parent companies, and common beneficial owners as follows: Mr. M. Bülent Ergin, is director of GEDEN, GDAS, and Çukurova Holding A.S; Mr. A. Tugrul Tokhöz is on the board of directors of GEDEN, GDAS, and Çukurova Holding A.S; Mr. Mehmet Mat is the chief financial officer of GEDEN and GDAS (*See* Bacha Decl., Annex 1 at pp. 100-101).

6

The ownership of GEDEN; GDAS; and Cukurova Holding AS is entirely in the hands of the Karamehmet family in Turkey. *Id.*, Annex 1 at pp. 5, 76-77; 151.

25. Though holding itself out as a Maltese company with a business address at 85 St. John's Street, Valletta, Malta; GEDEN is not actually operating in Malta but is in fact operating by and through GDAS a/k/a Geden Lines whose business address "Buyukdere Caddesi, Yapi Kredi Plaza A Blok K-12, Leventi-Istanbul- Turkey" and telephone numbers GEDEN lists as its own. *See* Bacha Decl., Annex 4 a true and correct copy of the performance guarantee of GEDEN; *see also* Annex 6, copy of page styled "Contacts" from the website of Geden Lines. Thus all of the Defendants share a common business address, as they share also common officers, directors and beneficial owners.

26. According to the shipping data base EQUASIS, the M/T POWER though owned by Defendant BARBAROS, the manager of the vessel is GDAS. *See* Bacha Decl., Annex 7. GDAS also holds the International Safety Management Code Document of Compliance for the M/T POWER (*Id.*, at Annex 8, *a true and correct copy of the certifying classification society on-line record*); and also holds the certificate of financial responsibility (COFR) for the same vessel. (*Id.*, Annex 9, *a true and correct copy of the online COFR record for the M/T POWER*). Thus all Defendants share common departments, staff, and operating functions.

27. GEDEN and GDAS deal with the vessels of the one-ship-companies that form the Geden Group as if they were assets directly owned by GEDEN or GDAS. They have generated and presented to the investing public and to their financing banks consolidated financial statements reflecting the pursuit of a single business enterprise carried on by them with the tonnage of their subsidiary SPV one-ship-companies, (*See e.g.*, Bacha Decl., Annex 1 at pp. 11-14, 112; Annex 2, generally); and have asserted their ability and maintain their right to sell or

otherwise dispose of the assets of the one ship companies SPV's as their own property. *Id.*, Annex 1 at p. 5.

28. Beginning in March 2013 and continuing in subsequent months, Charterers' hire payments to Plaintiff and to other vessel owners who had similar bareboat chartering arrangements became erratic and increasingly late.

29. By making diligent enquiries in the shipping market and closely following the performance of the Geden Group, Plaintiff has learned that GEDEN is attempting to radically change the corporate ownership structure of its shipping business in a manner likely to involve wholesale repudiation of charterparties and shifting of assets that would severely compromise its ability to honor its obligations under the performance guarantee and similarly the ability of its wholly owned subsidiaries', including the ability of SPACE to honor charter party hire payment commitments. *See* Bacha Decl., ¶¶ 20-23.

30. In restructuring the corporate ownership of its valuable assets and "ringfencing" them for the express purpose of making them inaccessible as a source of recourse to creditors to whom GEDEN and its wholly owned subsidiaries are indebted, GEDEN and its co-defendants are in the process of actively abusing the corporate form for the express wrongful purpose of defeating legitimate claims of creditors whose assets GEDEN and its co-defendants have used to enrich themselves.

31 The M/T POWER is one of the assets which is beneficially owned by Defendant GEDEN and /or by its co-defendant GDAS, that the said Defendants are seeking to "ringfence" in order to prevent creditors such as Plaintiff from attaching as a source of security.

32. Consistent with the Geden Group practices, GEDEN has defaulted on obligations to the Stealth Group vessel owners for November and December bareboat charter hire to:

8

Plaintiff PSARA as noted in the foregoing;  Tank Punk Inc. in respect of its bareboat charter party of the M/T SPIKE of 26 March 2010; to Ai Giorgis Oil Trading Limited in respect of its February 23, 2010 charter party of the M/T CS STEALTH; and to Eclipse Liquidity, Inc. in respect of its May 27, 2010 charter party of the M/T AVOR, with the total amounts in default exceeding U.S. $3,220,627.00. *See* Bacha Decl., at ¶¶ 22-23.

33.  By reason of the relationship of complete dominion and control that Defendants GEDEN and GDAS have exercised over their subsidiaries BARBAROS and SPACE, taking into consideration the foregoing facts and circumstances, it would be just, equitable and proper for the Court to exercise its equitable powers to pierce the corporate veil of BARBAROS as an alter ego of GEDEN and GDAS so that its vessel POWER may be attached with process of maritime attachment and garnishment as a source of security for Plaintiff's unpaid May and June 2013 unpaid hire installments.

## V. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

34.  None of the Defendants are present or can be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of George Gaitas attached hereto as* **EXHIBIT 2**.  Nevertheless, Defendants have within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects.

35.  More particularly the MT POWER , bearing IMO No. 9472634 and international call sign 9HA2748, a tanker vessel owned by Defendants, is or will soon be within the Port of Houston Texas and is expected to berth within the port at Houston Fuel Oil Terminal Number 1.

36.  Defendants GEDEN and GDAS, used and are continuing to use their purported

corporate separateness, and the purported separate incorporation of their surrogate subsidiaries BARBAROS and SPACE abusively, to wit: to engage in fraudulent corporate restructuring and asset allocation practices to avoid paying agreed and accrued hire, for the M/T CV STEALTH and to repudiate with impunity their obligations under the bareboat charter party.

37. Defendants have contracted with Plaintiff using their completely dominated surrogate shell entities SPACE and BARBAROS as alter egos, intending to reap the benefits but pay none of the costs. Defendants are accordingly, using the corporate form abusively, *i.e.* to perpetrate fraud and commit other injustice. It would be, accordingly, fair and equitable to pierce (or reversely pierce) the corporate veil of GEDEN; GDAS, SPACE; and BARBAROS in order to reach the economic value of the M/T POWER which said Defendants have compartmentalized in separate corporate pockets, to the detriment of Plaintiff.

38. Alternatively, Defendants having operated, at all relevant times, as a single enterprise, and being the *alter ego* of each other in the circumstances set in the above and foregoing Original Verified Complaint, it would be fair and equitable for any asset of this enterprise to be subject to the claims of judgment creditors of the enterprise, such as Plaintiff, and for any such assets to be attached as security for Plaintiff's maritime claims.

39. Plaintiff has maritime claims against the Defendants arising out of maritime contract (*i.e.* – the bareboat charter party with GEDEN and SPACE dated February 23, 2010 and the performance guarantee of GEDEN of March 4, 2010).

40. The amount of Plaintiff's claim as reasonably as it can be estimated is as follows:

A. Charter Hire due and owing ……………………………$ 1,087,624.00

B. Interest at 6% compounded quarterly for 1 year………...$ 66,740.47

C. Recoverable Legal Fees and Costs………………………$ 200,000.00

**Total Claim……………………………………………$     1,354,364.47**

41.     Therefore, Plaintiff's total claim for breach of the maritime contracts against Defendants is in the aggregate sum of **USD 1,354,364.47.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Original Verified Complaint;

B.      That since the Defendants cannot be found within this District pursuant to Supplemental Rule B, all of the assets of the Defendants presently within this District, or assets expected in this District during the pendency of this action, including, but not limited to, the M/T POWER and/or any assets within the possession, custody or control of any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served, be attached and garnished in an amount sufficient to answer Plaintiff's claim;

C.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D.      That judgment be entered against each of the Defendants in the sum of One Million Three Hundred Fifty-Four Thousand Three Hundred Sixty-Four Dollars and Forty-Seven Cents (**USD $ 1,354,364.47**), together with interest and costs, and the proceeds of the assets attached be applied in satisfaction thereof;

E.      That the Court grant such other and further relief as it deems, just, equitable and proper.

                    Respectfully submitted,

Date: December 3, 2014          CHALOS & CO, P.C.
      Houston, TX

                    By:   /s/George A. Gaitas
                            George A. Gaitas
                            State Bar No. 24058885
                            Federal Bar No. 705176
                            Briton P. Sparkman (BS-5220)
                            SDTX Federal Id No. 1148116
                            7210 Tickner Street
                            Houston, Texas 77055
                            Telephone: 713-936-2427
                            Fax: 866-702-4577
                            E-mail: gaitas@chaloslaw.com
                                    bsparkman@chaloslaw.com

                            *Attorneys for Plaintiff*
                            PSARA ENERGY, LTD.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PSARA ENERGY, LTD., <br>     Plaintiff, <br><br> v. <br><br> SPACE SHIPPPING, LTD.; BARBAROS MARITIME , LTD;  GEDEN HOLDINGS, LTD; and GENEL DENIZCILIK NAKLIYATI A.S., <br>     Defendants. | § § § § § § § § § § § § | H-14-cv-_____ <br><br> ADMIRALTY |

**VERIFICATION OF COMPLAINT**

I, DESPOINA BACHA, pursuant to Section 1746 of Title 28 of the United States Code, hereby declare and say the following under penalty of perjury:

1. I am the lawful representative of the above captioned Plaintiff, PSARA ENERGY, LTD., and I am duly authorized to make this Verification on its behalf.

2. I have read the above and foregoing Original Verified Complaint and the allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Signed in Athens, Greece
December 3, 2014

_____
Despoina Bacha
Representative of PSARA ENERGY, LTD.